IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JAMES BROADHEAD, #224 802, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:16-CV-321-WHA |
| | ) | [WO] |
| CORRECTIONAL LPN ROGERS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

This case is before the court on a 42 U.S.C. § 1983 complaint filed by James M. Broadhead ["Broadhead"], an inmate incarcerated at the Bullock Correctional Facility in Union Springs, Alabama.  Broadhead alleges he was the victim of excessive force.  Specifically, Broadhead asserts that four of the twenty-five named defendants "beat and struck [him] with security sticks" 867 times resulting in his placement "in a free world hospital, [Cooper Green Hospital] where he had a broken arm in (3) places and staples in the head and (3) or (4) teeth[] was knocked out as there was threats on the plaintiff life[.] The plaintiff was transfered [sic] for his safety as the plaintiff had fracture to his feet and ankle area from deadly excessive force."  (Doc. 1) at 3.  Plaintiff requests damages and costs for the alleged violations of his constitutional rights. *Id*. at 3-4.

## II.  RELEVANT CASE HISTORY[11]

In June 2011, Broadhead filed a civil action with this court in which he raised strikingly similar claims, *i.e*., that he was struck with security sticks by correctional officers over 900 times, transferred to Cooper Green Hospital with "a broken arm in (3) places, and staples in the head, and (3) or (4) teeth[] was knocked out, as there was threats on the plaintiff life the plaintiff was transferred for his safety as the plaintiff had fracture to his feet and ankle area[.]"  *Broadhead v. Dozier, et al*., Case No. 2:11-CV-489-MEF-TFM (M.D. Ala. 2012) – (Doc. 1) at 4.  In that previous cause of action, Broadhead stated the assault occurred at Kilby Correctional Facility on June 17, 2011, whereas in the instant complaint, he appears to indicate the assault recently occurred at the Bullock Correctional Facility.  Additionally, Broadhead filed two other civil actions with this court in 2011 alleging substantially similar claims for relief with the only differences in each of those complaints being the date the alleged incident occurred and the individuals named as defendants. *Broadhead v. Woodard, et al*., Case No. 2:11-CV-341-MEF-TFM (M.D. Ala. 2012) (incident alleged to have occurred at Kilby Correctional Facility on April 20, 2011); *Broadhead v. Norris, et al.*, Case No. 2:11-CV-490-MEF-TFM  (M.D. Ala. 2012) (incident alleged to have occurred on March 13, 2010, at Kilby Correctional Facility).  Broadhead has filed thirteen additional civil actions with this court since 2011 raising substantially similar claims but again identifying different dates, defendants and/or facilities where the alleged assault occurred.  *See Broadhead v. Harris, et al.*, Case No. 2:16-CV-244-WHA-GMB; *Broadhead v. Battle, et al*., Case No. 2:16-CV-219-WHA-GMB (both preceding cases pending on a Recommendation addressing claims alleged

---

[1] This court may take judicial notice of its own records and the records of other federal courts.  *Nguyen v. United States*, 556 F.3d 1244, 1259 n.7 (11th Cir. 2009); *United States v. Rey*, 811 F.2d 1453, 1457 n.5 (11th Cir. 1987); *United States v. Glover*, 179 F.3d 1300, 1302 n.5 (11th Cir. 1999).

to have occurred at Bullock Correctional Facility in early 2016); *Broadhead v. Smith, et al*., Case No. 2:16-CV-81-WHA-GMB (M.D. Ala. 2016); *Broadhead v. Scott, et al*., Case No. 2:16-CV-17-WHA-GMB (M.D. Ala. 2016); *Broadhead v. Gasdon, et al*., Case No. 2:15-CV-854-MHT-GMB (M.D. Ala. 2015); *Broadhead v. Olds, et al*., Case No. 2:15-CV-715-WKW-TFM (M.D. Ala. 2015); *Broadhead v. Miree, et al*., Case No. 2:14-CV-677-MHT-TFM (M.D. Ala. 2014); *Broadhead v. Rogers, et al*., Case No. 2:14-CV-676-MHT-TFM (M.D. Ala. 2014); *Broadhead v. Miree, et al*., Case No. 2:14-CV-641-MHT-TFM (M.D. Ala. 2014); *Broadhead v. Olds, et al*., Case No. 2:14-CV-393-MEF-TFM (M.D. Ala. 2014); *Broadhead v. Olds, et al.,* Case No. 2:14-CV-367-MEF-TFM (M.D. Ala. 2014) (incident in the preceding nine cases alleged to have occurred at Donaldson Correctional Facility on unidentified dates in 2016, 2015, and 2014.); *Broadhead v. Babers et al*., Case No. 2:14-CV-210-MEF-TFM (M.D. Ala. 2014); *Broadhead v. Babers et al.*, Case No. 2:14-CV-49-WHA-TFM (M.D. Ala. 2014) (incident in both preceding cases alleged to have occurred during a prior confinement at Bullock Correctional Facility).

The records for the other federal courts of this state likewise indicate that Broadhead has filed numerous other cases alleging a nearly identical claim of excessive force and asserting injuries consistent with those set forth in the instant complaint.[2] Although those cases also differ

---

[2] *See Broadhead v. Hicks, et al.*, Case No. 2:12-CV-2369-JHH-RRA (N.D. Ala. 2012); *Broadhead v. Price, et al.*, Case No. 2:12-CV-2193-IPJ-RRA (N.D. Ala. 2012); *Broadhead v. Byres, et al.*, Case No. 4:12-CV-644-KOB-RRA (N.D. Ala. 2012); *Broadhead v. Baker, et al.*, Case No. 4:12-CV-585-SLB-RRA (N.D. Ala. 2012); *Broadhead v. Norris, et al.*, Case No. 2:11-CV-490-MEF-TFM (M.D. Ala. 2012); *Broadhead v. Dozier, et al.*, Case No. 2:11-CV-489-MEF-TFM (M.D. Ala. 2012); *Broadhead v. Woodard, et al.*, Case No. 2:11-CV-341-MEF-TFM (M.D. Ala. 2012); *Broadhead v. Scott, et al.*, Case No. 4:10-CV-1152-WMA-RRA (N.D. Ala. 2010); *Broadhead v. Carter, et al.*, Case No. 4:10-CV-1142-AKK-RRA (N.D. Ala. 2010); *Broadhead v. Miles, et al.*, Case No. 4:10-CV-1141-JHH-RRA (N.D. Ala. 2010); *Broadhead v. Scott, et al.*, Case No. 4:10-CV-1028-AKK-RRA (N.D. Ala. 2010); *Broadhead v. Malone, et al.*, Case No. 4:10-CV-806-JHH-RRA (N.D. Ala. 2010); *Broadhead v. McKay, et al.*, Case No.  4:10-CV-751-RRA (N.D. Ala. 2010); *Broadhead v. O'Brian, et al.*, Case No. 4:10-CV-475-JHH-RRA (N.D. Ala. 2010); *Broadhead v. Hopkins, et al.*, Case No. 4:10-CV-439-LSC-RRA (N.D. Ala. 2010); *Broadhead v. Wise, et al.*, Case No. 4:10-CV-388-IPJ-RRA (N.D. Ala. 2010); *Broadhead v. Brown, et al.*, Case No. 4:10-CV-350-VEH-RRA (N.D. Ala. 2010); *Broadhead v. Swain, et al.*, Case No. 4:10-CV-113-AKK-RRA (N.D. Ala. 2010); *Broadhead v. Richburg, et al.*, Case No. 4:10-CV-54-IPJ-RRA (N.D. Ala. 2010); *Broadhead v. Kirrire, et*

in various details - the correctional facility at which the incident occurred, the date of the incident, the correctional officers involved and/or the precise number of times officers struck Broadhead with security sticks - the core allegation of excessive force remains constant in each case, as does Broadhead's claim that his attackers stated the use of force occurred due to his conviction for rape of an elderly woman.  In addition, Broadhead asserts that he suffered strikingly similar injuries during each alleged attack, *e.g.,* a broken arm, staples in his head, loss of teeth and fractures to his feet and ankle areas, and consistently maintains that after each purported attack he was transported to Cooper Green Hospital for treatment of his injuries.  The United States District Court for the Northern District of Alabama determined that the physical altercation responsible for generating the voluminous number of cases filed by Broadhead occurred "on October 27, 2009, while [he was] incarcerated at . . . Donaldson[,]" and concluded that complaints "alleging that he was assaulted in exactly the same manner and sustained the same exact injuries [at different times and locations] are 'wholly incredible' and 'delusional.'" *Broadhead v. Northcutt, et al.*, Case No. 4:09-CV-2512-SLB-RRA (N.D. Ala. 2011), (Doc. 24) at 5, 9 (Recommendation of the Magistrate Judge), adopted as opinion of the court September 14, 2011 (Doc. 25) (quoting *Denton v. Hernandez*, 504 U.S. 25, 32 (1992)).

### III. DISCUSSION

Upon initiating this case, Broadhead did not pay the $350.00 filing fee and $50.00 administrative fee, nor did he apply for leave to proceed *in forma pauperis*.  In cases with these

---

*al.*, Case No. 4:10-CV-53-VEH-RRA (N.D. Ala. 2010); *Broadhead v. Swain, et al.*, Case No. 4:09-CV-2606-SLB-RRA (N.D. Ala. 2010); *Broadhead v. Northcutt, et al.*, Case No. 4:09-CV-2512-SLB-RRA (N.D. Ala. 2011); *Broadhead v. Michael, et al.*, Case No. 4:09-CV-2473-VEH-RRA (N.D. Ala. 2010); *Broadhead v. Griggs, et al.*, Case No. 1:10-CV-241-CG-C (S.D. Ala. 2011); *Broadhead v. Heinz, et al.*, Case No. 1:10-CV-129-KD-B (S.D. Ala. 2010); and *Broadhead v. Mixon, et al.*, Case No. 1:10-CV-12-WS-C (S.D. Ala. 2010).

deficiencies, the usual practice of this court is to enter an order advising Plaintiff he must pay the full filing and administrative fees or apply for leave to proceed *in forma pauperis*. However, under 28 U.S.C. § 1915, a prisoner may not bring a civil action or proceed on appeal *in forma pauperis* if  he "has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."[3]   28 U.S.C. § 1915(g).  Consequently, an inmate in violation of the "three strikes" provision of § 1915(g) who is not in "imminent danger" of suffering a serious physical injury must pay the filing fee upon initiation of his case.  *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002).

Federal court records establish that Broadhead, while incarcerated or detained, has on at least four occasions had civil actions dismissed under 28 U.S.C. § 1915 as frivolous, malicious, for failure to state a claim, and/or for asserting claims against defendants immune from suit. The actions on which this court relies in finding a § 1915(g) violation by Broadhead are:  (1) *Broadhead v. Dozier, et al.*, Case No. 2:11-CV-489-MEF-TFM (M.D. Ala. 2012) (complaint malicious); (2) *Broadhead v. O'Brian, et al.*, Case No. 4:10-CV-475-JHH-RRA (N.D. Ala. 2010) (complaint frivolous); (3) *Broadhead v. Hopkins, et al.*, Case No. 4:10-CV-439-LSC-RRA (N.D. Ala. 2010)

---

[3] In *Rivera v. Allin*, 144 F.3d 719, 731 (1998), the Court determined that the "three strikes" provision of 28 U.S.C. § 1915(g), which requires frequent filer prisoner indigents to prepay the entire filing fee before federal courts may consider their cases and appeals, "does not violate the First Amendment right to access the courts; the separation of judicial and legislative powers; the Fifth Amendment right to due process of law; or the Fourteenth Amendment right to equal protection, as incorporated through the Fifth Amendment." In *Jones v. Bock*, 549 U.S. 199, 216 (2007), the Supreme Court abrogated *Rivera* but only to the extent it compelled an inmate to plead exhaustion of remedies in his complaint as "failure to exhaust is an affirmative defense under the PLRA . . . and inmates are not required to specifically plead or demonstrate exhaustion in their complaints."

(complaint frivolous); and (4) *Broadhead v. Kirrire, et al.*, Case No. 4:10-CV-53-VEH-RRA (N.D. Ala. 2010) (complaint frivolous).

Upon review of the complaint and the numerous other civil actions filed by Broadhead in this and the other federal courts of this state alleging a similar factual basis for relief, the court finds Broadhead fails to demonstrate that he "is under imminent danger of serious physical injury" as required to meet the exception allowing circumvention of the directives in 28 U.S.C. § 1915(g). *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999) (A prisoner who has filed three or more frivolous lawsuits or appeals and seeks to proceed *in forma pauperis* must present facts sufficient to demonstrate "imminent danger" to circumvent application of the "three strikes" provision of 28 U.S.C. § 1915(g)); *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002) (The imminent danger exception is available only "[w]hen a threat or prison condition is real and proximate, and when the potential consequence is 'serious physical injury. . . .'"). Thus, even if Broadhead sought *in forma pauperis* status, he is not entitled to such status due to his violation of the "three strikes" provision of 28 U.S.C. § 1915(g).

Based on the foregoing, the court concludes this case is due to be summarily dismissed without prejudice as Broadhead failed to pay the requisite filing and administrative fees upon his initiation of this case. *Dupree*, 284 F.3d at 1236 (emphasis in original) ("[T]he proper procedure is for the district court to dismiss the complaint without prejudice when [an inmate is not entitled] to proceed *in forma pauperis* [due] to [violation of] the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he *initiates* the suit."); *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001) (same).

## IV.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge this case be DISMISSED without prejudice for Plaintiff's failure to pay the filing and administrative fees upon his initiation of this case.

It is further

ORDERED that **on or before May 25, 2016**, Plaintiff may file an objection to the Recommendation. Any objection filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which Plaintiff objects.  Frivolous, conclusive or general objections will not be considered by the District Court. This Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

Done, this 11th day of May 2016.


      /s/   Wallace Capel, Jr.
      UNITED STATES MAGISTRATE JUDGE